BLACKPORT COMMISSION CO. *v.* SNYDER.

COMPROMISE AND SETTLEMENT — QUESTION FOR JURY — EVIDENCE —
INSTRUCTIONS—COMMISSIONS.

In action on the common counts in assumpsit to recover balance
claimed to be due for commissions incident to sale of defend-
ant's meat products, in which action defendant interposed
defense that the parties had effected a settlement, charge to
jury that there had been no compromise effected *held,* unwar-
ranted, where there was testimony carrying question to jury as
to whether there was a dispute existing between the parties
which was compromised.

Appeal from Kent; Brown (William B.), J. Sub-
mitted October 4, 1939. (Docket No. 35, Calendar
No. 40,716.) Decided December 19, 1939. Rehear-
ing denied February 14, 1940.

Assumpsit by Blackport Commission Company,
a Michigan corporation, against Homer Snyder for
sums alleged due on an account for commissions.
Verdict and judgment for plaintiff. Defendant ap-
peals. Reversed and new trial granted.

*Bidwell & Perry,* for plaintiff.

*John J. Smolenski,* for defendant.

POTTER, J. Plaintiff sued defendant on the com-
mon counts in assumpsit to recover a balance claimed
to be due of $1,473.23. Defendant answered and set
up that plaintiff was engaged in the commission busi-
ness selling meat products belonging to defendant;
that the parties never had a settlement; that they

were unable to get together on the amount; and that on October 5, 1938, they made a settlement and defendant gave, and plaintiff accepted, an agreement as follows:

"October 5, 1938.

"In consideration of the assignment of the following accounts, *i. e.,*

| | |
|---|---|
| "William DeVries | $151.18 |
| "Peter Olthof | 132.10 |
| "Pettruff's Groc. | 196.32 |
| "Stanley Henline | 104.04 Bankrupt |
| "Glen Lewis | 86.90 Bankrupt |

and $370.24 in cash, the receipt of which is hereby acknowledged, I hereby release and discharge the Blackport Commission Company, a corporation, from any and all claims of any kind and nature prior to the date hereof, which I may have against them, and further agree that all other accounts receivable now on the books of the said Blackport Commission Company belong absolutely to them.

"HOMER SNYDER (Signed)"

and that in pursuance of such agreement the accounts mentioned were assigned by appropriate assignments, copies of which are attached to the answer. The case came on for trial whereupon plaintiff called defendant for cross examination under the statute.* Defendant testified he had more coming than $947.52, but, being satisfied he could not collect from plaintiff and that it would not have an audit of the books except at his expense, which would cost approximately $200, he compromised his claim with plaintiff for $947.52. It paid him $370.24 by check and assigned the accounts in settlement of the claim. The trial judge charged the jury:

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—REPORTER.

"These parties did agree when they got together as to the amount that there was due from one to the other; they took the amount as stated in the books. And they did not compromise; this was not a compromise in the sense of a compromise. It was agreed between these parties that there was a certain amount due to the defendant from the plaintiff, $947.52. * * * They did not throw off a cent. Blackport did not raise it a cent and Snyder did not reduce it a cent and it was not a compromise. * * * No discount was made on the amount that was paid. * * * There was no throwing off; there was no reduction in the amount; there was no compromise as to the amount due."

Defendant claims this charge on the part of the court was error in that it ignored the positive testimony that by reason of a dispute existing between the parties as to the amount due they finally got together and compromised for $947.52, and that there was sufficient testimony to support defendant's contention to carry the case to the jury as a question of fact. In this, we think defendant correct. In view of the disposition of the case, the other assignments of error are unimportant.

Judgment reversed, with costs. New trial granted.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.